UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHEILA DELORES HANEY,

                              Plaintiff,

                    v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**19-CV-0469F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                      Attorneys for Plaintiff
                      JUSTIN JONES, of Counsel
                      6000 North Bailey Avenue
                      Suite 1A
                      Amherst, New York 14226

                      JAMES P. KENNEDY, JR.
                      UNITED STATES ATTORNEY
                      Attorney for Defendant
                      Federal Centre
                      138 Delaware Avenue
                      Buffalo, New York 14202;

                      JOLETTA MARIE FRIESEN
                      Special Assistant United States Attorney, of Counsel
                      Social Security Administration
                      Office of General Counsel
                      601 E. 12th Street
                      Room 965
                      Kansas City, Missouri 64106

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On April 4, 2020, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 12).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 6, 2019 (Dkt. No. 8), and by Defendant on November 5, 2019 (Dkt. No. 10).

**BACKGROUND**

Plaintiff Sheila Haney ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on March 3, 2015, for Social Security Disability Insurance ("SSDI") ("disability benefits").  Plaintiff alleges she became disabled on March 2, 2015, based on left knee arthritis, left ankle injury, torn meniscus of the right knee and diabetes.  (R. 231).

Plaintiff's application for disability benefits was denied on May 12, 2015 (R. 124). At Plaintiff's timely request, on May 3, 2017, a hearing was held in Buffalo, New York (R. 40-83), where Plaintiff, Plaintiff's attorney Kelly Laga Sciandra Esq. ("Sciandra"), and vocational expert Jeanne Beachler ("VE"), testified.  On September 18, 2017, the ALJ issued a decision denying Plaintiff's claim (R. 25-35) ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council.  (R. 4).  On February 20, 2019, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the

ALJ's decision the Commissioner's final decision.  (R. 1-4).  On April 10, 2019 Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1).

On September 6, 2019, Plaintiff moved for judgment on the pleadings (Dkt. No. 8) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8-1) ("Plaintiff's Memorandum").  On November 5, 2019, Defendant moved for judgment on the pleadings (Dkt. No. 10) ("Defendant's Motion"), attaching the Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. No. 10-1) ("Defendant's Memorandum").  Plaintiff filed on November 26, 2019, Plaintiff's Response to the Commissioner's Brief (Dkt. No.11) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[2]

Plaintiff, born on August 25, 1956 (R. 48), was 59 years old as of March 2, 2015, Plaintiff's alleged disability onset date ("DOD"), has an associate degree in criminal justice, and lives alone.  Plaintiff's past relevant work includes work as a data entry clerk, receptionist, administrative assistant and sales associate at Marshall's department store where Plaintiff stopped working as a result of knee and ankle pain. (R. 51).

Prior to Plaintiff's alleged onset date of March 2, 2015, on January 11, 2014, Plaintiff injured her left ankle while walking to work.  Upon seeking medical treatment at

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Buffalo General Hospital emergency room, Christopher Ritter, M.D. ("Dr. Ritter"),
reviewed an X-ray, and completed reduction and fixation surgery to repair a fibular
fracture of Plaintiff's left ankle.  (R. 400).  A follow-up X-ray on March 11, 2014, showed
Plaintiff's fracture well-healed.  (R. 395).

On March 24, 2014, Graham Huckell, M.D. ("Dr. Huckell"), with Pinnacle
Orthopedics, completed a physical examination on Plaintiff, noted that Plaintiff reported
increased left knee pain with intermittent locking, reviewed an X-ray of Plaintiff's left
knee and diagnosed Plaintiff with mild left knee osteoarthritis.  (R. 384).  On May 21,
2014, Dr. Huckell completed arthroscopic knee surgery on Plaintiff's left knee, and, after
attending four sessions of physical therapy, Plaintiff reported improved pain, increased
mobility and strength.  (R. 327-36).  On September 5, 2014, Plaintiff reported that she
stopped attending physical therapy treatments as Plaintiff planned to return to work.  (R.
320).

On October 31, 2014, Dr. Huckell noted that Plaintiff reported Plaintiff's weekly
left knee injections improved her pain.  (R. 306-12).

On December 18, 2014, Dr. Huckell noted that Plaintiff reported she injured her
right knee at work, and, upon completing a physical examination of Plaintiff's right knee,
diagnosed Plaintiff with mild right knee osteoarthritis.  (R. 301).

On January 29, 2015, Plaintiff reported significant improvement in her left knee
pain.  (R. 297-98).  On February 12, 2015, Plaintiff returned to Dr. Huckell and reported
increased right knee pain.  (R. 289).  Upon reviewing a magnetic resonance imaging
("MRI") scan of Plaintiff's right knee, Dr. Huckell diagnosed Plaintiff with a small joint

effusion (fluid) with degenerative changes and referred Plaintiff to physical therapy.  (R. 292).

On March 2, 2015, Dr. Ritter removed remaining hardware from Plaintiff's previous left ankle surgery, and on March 16, 2015, noted that Plaintiff reported the ability to bear weight on her ankle and that Plaintiff planned to return to work.  (R. 387-88, 401).

On April 27, 2015, Abrar Siddiqui, M.D. ("Dr. Siddiqui"), completed a physical examination of Plaintiff and evaluated Plaintiff with a normal gait, the ability to walk on her heels and toes without difficulty, full flexion, extension and rotary movement of her lumbar spine and ankles, no muscle atrophy, full strength of Plaintiff's upper and lower extremities and evaluated Plaintiff with mild limitations to sitting, standing, climbing, pushing, pulling, and carrying heavy objects.  (R. 407-08).

On February 16, 2016, Bernard Beaupin, M.D. ("Dr. Beaupin"), completed a physical examination on Plaintiff who reported back pain, and, upon reviewing an MRI of Plaintiff's lumbar spine, diagnosed Plaintiff with a displaced lumbar disc without myopathy (tissue disease), lumbar arthropathy (joint disease) and moderate narrowing of Plaintiff's neural foramina (spinal canal opening).  (R. 465-66).  Dr. Beaupin evaluated Plaintiff with reduced range of motion in her back and left knee, full lower limb motor strength, started Plaintiff on a daily walking program, and evaluated Plaintiff with limitations to lifting more than 10 pounds, sitting, standing and walking for more than one hour at a time without a break, and recommended that Plaintiff avoid stooping, bending and squatting.  (R. 412-67).

On March 6, 2016, Dr. Beaupin noted that Plaintiff reported walking as much as possible with increased shortness of breath, recommended that Plaintiff use a stationary bike for exercise and lose weight to decrease pressure on Plaintiff's knees.  (R. 461).

On April 9, 2016, April 15, 2016, and May 19, 2016, Dr. Beaupin administered facet block injections to Plaintiff's lumbar spine.  (R. 444, 450, 456).

On May 20, 2016, Dr. Beaupin noted that Plaintiff reported improved pain and weight loss from riding her stationary bike.  (R. 433).

On November 29, 2016, Dr. Huckell noted that Plaintiff reported attending chiropractic care, and, upon physical examination, evaluated Plaintiff with mild lumbar rigidity and good range of motion.  (R. 488).

On December 30, 2016, Dr. Huckell reviewed an MRI of Plaintiff's lumbar spine that revealed disc bulging at Plaintiff's L4-L5[3], L5-S1, L2-L3, T10-T11[4],T11-T12 disc segments, and opined that Plaintiff should avoid repetitive bending, twisting, lower back rotation and lifting more than 20 pounds.  (R. 497-98).

At the administrative hearing Plaintiff testified that she was unable to return to her previous work as a data entry clerk or receptionist as prolonged sitting or standing resulted in pain in Plaintiff's back, ankles and knees with swelling and stiffness.  (R. 58).

## DISCUSSION

1.    **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of

---

[3] L4-L5 refers to numbered segments of an individual's lumbar spine.
[4] T10-T11 refers to numbered segments of an individual's thoracic spine.

any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to

perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found that Plaintiff met the Act's insured status requirement for SSDI through December 31, 2020 (R. 27), did not engage in substantial gainful activity since March 2, 2015, Plaintiff's alleged disability onset date, suffers from the severe impairments of a back disorder, obesity, left ankle injury, left knee arthritis, and right knee torn meniscus.[6]  (R. 28).  The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1 (R. 28), retains the RFC to perform sedentary work with limitations to occasional climbing of ramps and stairs, kneeling, crouching, crawling, bending, stooping, squatting, no climbing ropes, ladders or scaffolds (R. 28), that Plaintiff was capable of performing her past relevant work as a data entry clerk and receptionist, and administrative assistant (R. 32), and, given that Plaintiff was an individual of advanced age, has at least a high school education and can communicate in English, and the residual functional capacity to perform sedentary work with transferable skills from her PRW, jobs exist in significant numbers in the national

---

[6] Meniscus is a cartilage cushion between the thighbone and shinbone.

economy that Plaintiff can perform, including appointment clerk, telemarketer and data examination clerk such that Plaintiff is not disabled as defined under the Act.  *Id.* at 33-34.

In this case, the ALJ afforded weight to only a portion of Dr. Beaupin's findings, determining that Dr. Beaupin's finding that Plaintiff was limited to sitting, standing or walking for one hour at a time and should avoid bending, stooping and squatting was inconsistent with medical evidence in the record and Plaintiff's activities of daily living that include household chores, daily exercise on a stationary bike, regularly climbing 12 steps, and Plaintiff's reported increased ability to walk.  (R. 31).

Plaintiff argues that the ALJ erroneously applied the treating physician rule by affording weight only to the portion of Dr. Beaupin's opinion that limited Plaintiff to lifting five to 10 pounds, and no weight to Dr. Beaupin's finding that Plaintiff was limited to sitting, standing or walking for one hour at a time, and needed to avoid bending, stooping and squatting, thus cherry-picking portions of Dr. Beaupin's findings without explanation.  Plaintiff's Memorandum at 13-20.  Defendant maintains that the ALJ properly afforded no weight to Dr. Beaupin's findings that Plaintiff was limited to sitting, standing and walking for an hour at a time and should avoid bending, stooping and squatting, as such limitations were inconsistent with medical evidence in the record and Plaintiff's reported activities of daily living.  Defendant's Memorandum at 15-22.

Plaintiff's disability application filed on March 3, 2015, is subject to the treating physician rule.  *See* 20 C.F.R. §§ 404.1527, 416.927 (2017).  Generally, the opinion of a treating physician is entitled to significant weight but only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [] not

inconsistent with other substantial evidence in the case record." *Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed. App'x. 34, 35 (2d Cir. 2017) (quoting *Burgess v. Astrue ("Burgess"),* 537 F.3d 117, 128 (2d Cir. 2008), 20 C.F.R. § 404.1527(d)(2)).  In instances where the ALJ discounts a treating physician's opinion however, the ALJ must set forth "good reasons" for doing so.  *Burgess*, 537 F.3d at 129 (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)).  The failure to provide good reasons for rejecting a treating physician opinion is grounds for remand.  *Schall v. Apfel*, 134 F.3d 496, 503-05 (2d Cir. 2004) (*per curiam)* ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

The ALJ's determination to afford weight to only a portion of Dr. Beaupin's findings is supported by substantial evidence in the record.  In particular, during Plaintiff's physical examinations Plaintiff exhibited full muscle strength, normal reflexes, a normal gait, the ability to stand on her heels and toes, good balance and coordination. (R. 30, 415, 421, 427, 432, 443, 449, 454, 461, 466, 472, 483, 496, 502).  Plaintiff testified that her activities of daily living include preparing meals, cleaning, doing laundry, shopping, riding a stationary bike and taking walks (R. 30-31, 49, 62, 237-47), such activities that support the ALJ's determination that Plaintiff has the ability to walk, stand and sit for more than one hour at a time.  The ALJ's determination to afford weight to only a portion of Dr. Beaupin's findings to the exclusion of Dr. Beaupin's findings on

Plaintiff ability to sit, stand, walk, squat, bend and stoop, is therefore supported by

substantial evidence in the record.  Plaintiff's motion on this issue is DENIED.

Credibility of Plaintiff's Subjective Complaints

        In this case, the ALJ, as required, upon evaluating Plaintiff's impairments under

20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, determined that Plaintiff's medically

determinable impairments could reasonably be expected to cause Plaintiff's alleged

symptoms (R. 30-31), however, Plaintiff's statements, Facts, *supra* at 4-6, concerning

the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to

the extent the statements were inconsistent with Plaintiff's testimony.  Plaintiff contends

that the ALJ's credibility determination is erroneous because the ALJ failed to consider

the relevant factors, and merely summarized medical evidence in the record.  Plaintiff's

Memorandum at 22-26.  Defendant maintains that the ALJ properly evaluated Plaintiff's

credibility and supported such finding with inconsistencies between Plaintiff's

statements and the medical record, and Plaintiff's activities of daily living.  Defendant's

Memorandum at 14-18.

        It is the function of the ALJ, not the court, to assess the credibility of witnesses.

*See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013).

Pain or other symptoms may be important factors contributing to a disability claimant's

functional loss and affects a claimant's ability to perform basic work activities where

relevant medical signs or laboratory findings show the existence of a medically

determinable impairment that could "reasonably" be expected to cause the associated

pain or other symptoms.  20 C.F.R. § 404.1529(c)(3).  "A claimant's testimony is entitled

to considerable weight when it is consistent with and supported by objective medical

evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).  In this case, the ALJ's credibility finding is supported by substantial evidence in the record.  In particular, Plaintiff filed unemployment benefit applications in 2015 and 2016, wherein Plaintiff certified that Plaintiff was able to work (R. 31, 57, 227).  Plaintiff testified that she prepared meals daily, cleaned, did laundry, went shopping, regularly exercised on a stationary bike and walked to lose weight.  (R. 31, 49, 62).  On April 27, 2015, Dr. Siddiqui evaluated Plaintiff with a normal gait, full flexion, extension and rotation of Plaintiff's lumbar spine, full strength in Plaintiff's upper and lower extremities, and only mild limitations to Plaintiff's abilities to sit, stand and walk.  (R. 407-08).  On May 20, 2016, Dr. Beaupin noted that Plaintiff reported that she had increased her daily walking regimen which improved her back pain.  (R. 438).  On July 26, 2016, Dr. Beaupin noted that Plaintiff reported losing 13 pounds from exercising, and improved knee and back pain.  (R. 430).  On November 29, 2016, Dr. Huckell noted that Plaintiff reported substantial improvement of her left knee pain and recommended that Plaintiff return to her regular activities.  (R. 486).  The ALJ's credibility assessment of Plaintiff is therefore supported by substantial evidence in the record.  *See Davis v. Saul,* 2019 WL 4941864, at *5 (W.D.N.Y. Oct. 7, 2019) (ALJ's credibility assessment supported by substantial evidence where ALJ found Plaintiff's allegations that knee and leg pain resulted in an inability to sit and stand inconsistent with Plaintiff's testimony, activities of daily living, and medical record).  Plaintiff's motion for remand on the issue of Plaintiff's credibility is thus without merit and is DENIED.

*See Sloan v. Colvin,* 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ evaluated Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting medical evidence).

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 8) is DENIED; Defendant's Motion (Dkt. No. 10) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      April 21, 2020
            Buffalo, New York